IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DELAWARE ELEVATOR MFG. CORP.,**

*Plaintiff*,

v.

**CIRCOR PUMPS NORTH AMERICA, LLC,**

*Defendant*.

Civil No.: 1:24-cv-02892-JRR

## MEMORANDUM OPINION

Pending before the court is Defendant CIRCOR Pumps North America, LLC's ("CIRCOR") Motion to Dismiss (ECF No. 13, the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.    BACKGROUND[1]**

Defendant is a manufacturer and supplier of hydraulic pumps including submersible screw pumps. (ECF No. 3 ¶ 5.) Within three years of the filing of this action, Plaintiff, an elevator manufacturer, entered into contracts with Defendant for the purchase of more than 800 pumps designed to operate in its elevators. *Id*. ¶ 6. At the time of sale, Defendant was aware of the particular purpose for which the pumps were required and Plaintiff, in turn, relied on Defendant's skill and judgment to provide suitable pumps for its purposes. *Id*. ¶ 8. Upon receipt of the pumps, Plaintiff installed them in the elevators it manufactured. *Id*. ¶ 10. After installation of the pumps, Plaintiff discovered the pumps "were defective in that, when in use, the pumps exceeded the noise standards for pumps of the same type and nature." *Id*. Plaintiff "has received multiple complaints

---

[1] For purposes of resolving the Motion to Dismiss, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 3.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

from persons or entities whose elevators contained pumps sold by" Defendant "which violated noise standards." *Id.* ¶ 12.

Plaintiff initiated the instant action for breach of the implied warranty contained in its contract with Defendant. MD. CODE ANN., COM. LAW §§ 2-314, 2-315. Plaintiff seeks "an amount in excess of seventy-five thousand dollars ($75,000.00) plus pre-judgment and post-judgment interest and costs" for losses and damages incurred "in responding to noise complaints of its customers and by reason of [Defendant's] refusal to refund the monies paid to it by [Plaintiff] for the defective pumps." (ECF No. 3 ¶ 13.) Plaintiff filed the Complaint in the Circuit Court for Wicomico County (Case No. C-22-CV-24-000305) on August 20, 2024. (ECF No. 3-1.) On October 4, Defendant removed the action to this court (ECF No. 1), and eight days later, filed the Motion (ECF No. 13). Plaintiff opposes the Motion (ECF No. 18). After Defendant filed a reply in support of the Motion, Plaintiff moved for leave to file a surreply (ECF No. 25), which this court granted (ECF No. 26).

## II.     LEGAL STANDARD

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

When considering a motion to dismiss pursuant to Rule 12(b)(6), "[t]he court may consider documents outside the pleadings if they are integral to and relied upon in the Complaint, provided [the plaintiff does] not raise a challenge of authenticity." *Heym v. APG Hous., LLC*, 23-cv-02092, 2024 WL 2302306, at *1 n.3 (D. Md. May 21, 2024) (citing *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021)). Courts "have found integral," among other things, "the documents that constitute the core of the parties' contractual relationship in a breach of contract dispute." *St. Michael's Media, Inc. v. Mayor of Baltimore*, 21-cv-2337, 2023 WL 2743361, at *9 (D. Md. Mar. 31, 2023).

### III. ANALYSIS

Plaintiff alleges Defendant breached two implied warranties: the "implied warranty of merchantability" and that the pumps "were fit for the particular purposes for which Delaware Elevator purchased the pumps, i.e. for installation in elevators being manufactured by Delaware Elevator." (ECF No. 3 ¶¶ 7, 9.) In the Motion, Defendant argues Plaintiff fails to state a claim upon which relief can be granted for breach of either implied warranty because the contracts between Plaintiff and Defendant governing the sale of the allegedly defective pumps disclaimed implied warranties. Further, Defendant submits that the contracts exclude Defendant's liability for indirect, incidental, and/or consequential damages, and that Plaintiff fails to plead the certain, limited circumstances for recovery of purchase price due to defective pumps included in the contracts. Defendant attaches the alleged operative contracts to its Motion, and its argument relies upon the court's consideration of same. Plaintiff's Complaint neither attaches nor quotes the alleged contracts with Defendant, and now asserts that Defendant's attachments are not the operative contracts.

As set forth above, as a general matter, in evaluating a motion to dismiss, a court will only consider documents outside of the pleadings if they are "integral to and relied upon in the complaint … so long as the plaintiff does not question their authenticity." *Fairfax*, 2 F.4th at 292. As the Fourth Circuit has explained, "[t]he rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where plaintiff has actual notice … and has relied upon these documents in framing the complaint." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted)). Where a plaintiff disputes the authenticity of a defendant's

proposed exhibit – including "disput[ing] ever having received or signed the version Defendants provide" – this court has declined to consider the disputed exhibit in evaluating the motion to dismiss. *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 605 (D. Md. 2014); *see also Tchatchou v. India Globalization Cap. Inc.*, No. CV PWG-18-3396, 2021 WL 307415, at *5 (D. Md. Jan. 29, 2021) (declining to consider "arguably" integral document attached to motion to dismiss where plaintiffs challenged its authenticity, and it was not a matter of public record).

The court agrees with Defendant's assertion that the contract between the parties in a breach of contract action is often integral to the claim. *See St. Michael's Media, Inc.*, 2023 WL 2743361, at *9, *supra*.[2] Here, however, Plaintiff insists that the relevant contract is not the document Defendant attaches to the Motion. Defendant attaches both Purchase Orders (ECF No. 13-1 at pp. 2, 10, 15, 24, 29, 37, 47, 56, 61, 65, 70, 75, 81, 86) and Order Confirmations (ECF No. 13-1 at pp. 3–9, 11–14, 16–23, 25–28, 30–36, 38–46, 48–55, 57–60, 62–64, 66–69, 71–74, 76–80, 82–85, 87–90). The Purchase Orders list the Vendor as Defendant and the party to ship to as Plaintiff. *See* ECF No. 20 at p. 1 (acknowledging that Plaintiff initiated the purchases by issuing a purchase order to Defendant). The Order Confirmations, however, list the delivery address as a separate entity, Delaware Elevator, Inc., with a separate address. *Compare, e.g.,* ECF No. 13-1 at p. 3 (addressed to Delaware Elevator Inc.) *and* ECF No. 13-1 at p. 6 (listing invoice address as Delaware Elevator Inc., and delivery address as Delaware Elevator Manufacturing) *with* ECF No. 13-1 at p. 2 (purchase order with ship to address as Delaware Elevator Manufacturing).

---

[2] Additionally, the court agrees with Defendant that "[a]t the motion to dismiss stage, documents attached to a motion to dismiss need not be accompanied by a formal declaration authenticating them." *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512–13 (4th Cir. 2018). Plaintiff's argument to the contrary, namely that Defendant failed to accompany its exhibits with an affidavit authenticating same, is unavailing.

Plaintiff insists it never received the Order Confirmations, the very documents that Defendant asserts disclaim implied warranties. (ECF No. at p. 4.) In pertinent part, Plaintiff asserts:

> Circor has provided no evidence that those Order Confirmations (which reference the web site for the Circor Terms and Conditions) were ever sent to DEM. Rather, on their face, the documents in question were addressed to Delaware Elevator, Inc. They were not addressed to DEM. Delaware Elevator, Inc. is not DEM. Delaware Elevator, Inc. and DEM are separate legal entities. The two entities do not share offices. Mail addressed to DEM is not delivered to Delaware Elevator, Inc. and vice versa.

*Id*. In view of the fact that consideration of documents outside the Complaint at this stage is appropriate only where the parties both have actual notice of, and rely upon, the document in question, and drawing all reasonable inferences in Plaintiff's favor, the court declines, at this stage, to consider the Confirmation Letters and associated online terms (Exhibit B).[3] The Purchase Orders, which are considered, as they are integral to the Complaint and of undisputed authenticity, make no reference to Defendant's standard terms and conditions. (ECF No. 13-1 at pp. 2, 10, 15, 24, 29, 37, 47, 56, 61, 65, 70, 75, 81, 86). The court additionally declines to consider, at this stage, either party's affidavits (ECF Nos. 19; 24-1). *See Nat'l Fire & Marine Ins. v. Advanced Lighting Techs., Inc.*, 22-cv-2723, 2024 WL 3377869, at *3 (D. Md. July 11, 2024) (considering asset purchase agreement "integral to and directly referenced" but not attached to complaint on motion to dismiss while disregarding affidavit and excerpted deposition testimony submitted in opposition); *Lindsey–Grobes v. United Airlines, Inc.*, 14-cv-00857, 2014 WL 5298030, at *5 (D. Md. Oct. 14, 2014) (holding that "affidavit attached to an opposition to a motion to dismiss,

---

[3] The court also declines to strike the exhibits as Plaintiff suggests is proper (absent supportive authority). *See, e.g. Hart v. Carver*, No. 1:23-CV-03499-JRR, 2024 WL 4025837, at *2 (D. Md. Sept. 3, 2024) (explaining that Federal Rule of Civil Procedure 12(f) provides for striking pleadings but not papers such as motions to dismiss or exhibits thereto).

however, is no place of [a plaintiff] to add material facts to a deficient complaint" as it is "well-established that a plaintiff cannot amend [its] complaint by asserting new facts or exhibits in an opposition to a motion to dismiss").

Because Defendant's only arguments in support of its Motion require the court to evaluate the Confirmation Letters and associated online terms, the court will deny the Motion.[4]

## IV. CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 13) shall be denied.

Date: July 7, 2025

/S/
_____
Julie R. Rubin
United States District Judge

---

[4] In its opposition to the Motion, Plaintiff invokes its right to arbitrate this matter. (ECF No. 20 at p. 13.) In its sur-reply, however, Plaintiff clarifies that it "only seeks arbitration as a right if the Court were to grant Circor's Motion to Dismiss." (ECF No. 27 at p. 8.) As the court will deny the Motion, it will not address Plaintiff's arguments regarding arbitration. If either party contends this action should be stayed pending arbitration (or dismissed in favor of arbitration), it shall file a proper motion for such relief.